**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ARNOLDO OZUNA GALAN
REG. #60373-080                                                                                          PETITIONER

VS.                                           2:10CV00121 JTR

T.C. OUTLAW, Warden,
FCC Forrest City                                                                                          RESPONDENT

**MEMORANDUM AND ORDER**

**I.  Background**

Pending before the Court[1] is a § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Arnoldo Ozuna Galan ("Galan").[2] (Docket entry #1). In his Petition, Galan attacks the Bureau of Prisons' ("BOP") calculation of his sentence. Before addressing Galan's claims, the Court will review the procedural history underlying his conviction and sentence.

On November 16, 1992, Galan was arrested by DEA agents in Texas, and thereafter, detained. (Docket entry #5-1 at 5, 7). A federal grand jury, in the Western District of Texas, indicted Galan for possession of marijuana with intent to distribute,

---

[1] The parties have consented to proceedings before a United States Magistrate Judge. (Docket entry #7).

[2] Galan is currently incarcerated at FCC Forrest City.

and possession of a false passport. *United States v. Galan*, E.D. Tex. No. 1:92CR00221 at docket entry #6. On March 16, 1993, a jury convicted him of both counts. *Id.* at docket entry #57.

On April 28, 1993, Galan was sentenced to 284 months in the BOP for the marijuana possession conviction, and 60 months in the BOP for the false passport conviction, with the sentences to be served concurrently. (Docket entry #5-1 at 8-9). On direct appeal, the Fifth Circuit Court of Appeals affirmed the convictions, but vacated the sentences and remanded for resentencing. *United States v. Galan*, 19 F.3d 15 (5th Cir. 1994) (table decision). On May 20, 1994, Galan was resentenced to 235 months in the BOP for the marijuana possession conviction, and 60 months in the BOP for the false passport conviction, with the sentences to be served concurrently.[3] (Docket entry #5-1 at 12-13).

On June 16, 1994, a federal grand jury in the Western District of Louisiana indicted Galan for conspiracy to escape from a federal prison. *United States v. Galan*, W.D. La. 2:94CR20022. On February 10, 1995, he pled guilty to that charge. *Id.* at docket entry #111. On May 5, 1995, he was sentenced to 37 months in the BOP, "[s]aid sentence . . . to be served consecutive to any other sentence now being served by the defendant." (Docket entry #5-1 at 19).

---

[3]Galan did not appeal his resentencing.

On August 26, 2010, Galan filed this § 2241 habeas action (docket entry #1), in which he argues that: (1) the BOP has not properly calculated his sentence to give him credit for his jail time from January 1, 1994, through May 15, 1995; and (2) the BOP's calculation error has delayed his assessment for placement in a halfway house. Respondent has filed a Response (docket entry #5), to which Galan has filed a Reply. (Docket entries #6).

For the reasons explained below, the Court concludes that the Petition should be dismissed, without prejudice, due to Galan's failure to exhaust administrative remedies.[4]

## II. Discussion

First, Respondent points out that Galan never pursued the BOP administrative remedy process to challenge its calculation of his sentence. The sentence calculation that Galan challenges has been in effect since March 22, 2000, when the BOP recomputed his sentence to account for his resentencing in the Western District of Texas. (Docket entry #5-1 at 27). Until he filed this habeas action, ten years later, Galan did nothing to challenge the BOP's recalculation of his sentence.

Galan concedes that he "failed to exhaust his administrative remedies," but

---

[4]On February 22, 2011, Galan filed a "Motion for Final Judgment" requesting a disposition of this case. (Docket entry #9). This Motion is denied, as moot.

makes the conclusory assertion that exhaustion was "futile." (Docket entry #6 at 1-2).

It is well established that a § 2241 petitioner must exhaust BOP's administrative remedies as a prerequisite to pursuing habeas relief in federal court. *See United States v. Sithithongtham*, 11 Fed. Appx. 657 (8th Cir. 2001). Galan has done nothing to establish that exhaustion is futile, and his failure to exhaust compels the Court to dismiss his Petition, without prejudice.

Nonetheless, even if the Court were to assume that exhaustion was futile, Galan's claims are meritless on their face. Galan received an aggregate sentence of 235 months from the Western District of Texas, followed by a consecutive sentence of 37 months from the Western District of Louisiana, for a total sentence of 272 months in the BOP.

The BOP calculated Galan's sentence to "commence" on April 28, 1993, when it was originally imposed in the Western District of Texas.[5] The BOP also gave Galan 163 days of prior custody credit for the presentence time he spent in federal detention, November 16, 1992, until April 27, 1993.

---

[5] Under 18 U.S.C. § 3585(a), a defendant's federal sentence "commences" when he "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." The earliest date a federal sentence can "commence" is the date that it is imposed. *See* BOP Program Statement 5880.28, Ch. 1 at Page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.").

When 272 months is run from April 28, 1993, less 163 days of credit, the resulting "expiration full term date" is July 17, 2015. (Docket entry #5-1 at 27). When this "full term" is reduced by 1,049 days of good time credits that Galan has earned, or is expected to earn, his projected release date is September 1, 2012. (Docket entry #5-1 at 27).

Galan's argument that he has not been properly credited for time spent in custody from January 1, 1994, through May 15, 1995, appears to be premised on some sort of double counting. Galan ignores the fact that his sentence from the Western District of Louisiana was ordered to run *consecutive to* "any other sentence now being served[.]" The time period that Galan disputes was unequivocally credited to the "other sentence now being served," namely the 235-month sentence from the Western District of Texas. Importantly, 18 U.S.C. § 3585(b) prohibits "double counting," *i.e.* custody credits toward time on a sentence that has already been credited to another sentence. Thus, Galan's challenge to the BOP's calculation of his sentence is meritless.[6]

### III. Conclusion

IT IS THEREFORE ORDERED THAT the Petition for a Writ of Habeas

---

[6]Because the BOP has properly calculated Galan's sentence, his collateral argument that the BOP's alleged error has delayed his assessment for halfway-house placement is moot.

Corpus under 28 U.S.C. § 2241 (docket entries #1) is DENIED, and this case is

DISMISSED, WITHOUT PREJUDICE

    Dated this 21st day of April, 2011.

                                          _____
                                          UNITED STATES MAGISTRATE JUDGE